**TIME LIFE BROADCAST CO., Inc., Avco Broadcasting Corporation, Indiana Broadcasting Corporation, Sarkes Tarzian, Inc., Plaintiffs,**

v.

**Alan S. BOYD, Secretary, United States Department of Transportation and Stanford G. Ross, General Counsel, United States Department of Transportation, Defendants.**

**No. IP 68–C–164.**

United States District Court
S. D. Indiana,
Indianapolis Division.

July 17, 1968.

Supplemental Entry July 26, 1968.

Harry T. Ice and James Hawes, Ice, Miller, Donadio & Ryan, William F. Welch, Clarence H. Doninger, Patrick Smith, Indianapolis, Ind., for plaintiffs.

Douglas R. Shortridge, Indianapolis, Ind., amicus curiae.

K. Edwin Applegate, U. S. Dist. Atty., David L. Casterline, Asst. U. S. Dist. Atty., Indianapolis, Ind., Harold C. Pachios, United States Dept. of Transportation, Washington, D. C., for defendants.

## ENTRY

HOLDER, District Judge.

The trial of this action was commenced and concluded on July 12, 1968. The matter was submitted on the briefs of the parties and the May 15, 1968 brief amicus curiae on behalf of American Broadcasting Companies, Inc., Columbia

Broadcasting Systems, Inc. and National Broadcasting Company, Inc., and final argument was waived. The issues of the action are contained in the April 26, 1968 complaint of the plaintiffs, Time Life Broadcasting Co., Inc., Avco Broadcasting Corporation, Indiana Broadcasting Corporation, and Sarkes Tarzian, Inc., and the June 20, 1968 answer of the defendants, Alan S. Boyd, Secretary, United States Department of Transportation, and Stanford G. Ross, General Counsel, United States Department of Transportation, as amended in pre-trial conference on July 12, 1968.

The issues presented by the action are the alleged refusal of the defendants to enforce the provisions of the Uniform Time Act of 1966 (15 U.S.C.A. Sections 260 et seq.) particularly in respect of Daylight Savings Time for the period from April 28, 1968 through October 31, 1968 in the State of Indiana. Because the issues could be rendered moot by the lapse of time, the matter was advanced on the calendar pursuant to Rule 78 of the Federal Rules of Civil Procedure.

The plaintiffs each operate radio and television broadcasting stations in the State of Indiana. Time Life Broadcast Co., Inc. is a corporation organized under the laws of the State of Michigan and is duly qualified to do business within the State of Indiana, having its principal office in Indiana at 1330 North Meridian Street, Indianapolis, Indiana, and is hereinafter sometimes referred to as Time Life or as WFBM-TV. Avco Broadcasting Corporation is a corporation organized under the laws of the State of Ohio and is duly qualified to do business within the State of Indiana, having its principal office in Indiana at 1401 North Meridian Street, Indianapolis, Indiana, and is hereinafter sometimes referred to as Avco or as WLW-I. Indiana Broadcasting Corporation is a corporation organized under the laws of the State of Delaware and is duly qualified to do business within the State of Indiana, having its principal office in Indiana at 1950 North Meridian Street,

Indianapolis, Indiana, and is hereinafter sometimes referred to as Indiana or WISH-TV in Indianapolis and WANE-TV in Fort Wayne. Sarkes Tarzian, Inc. is a corporation organized under the laws of the State of Indiana and is duly qualified to do business in the State of Indiana, having its principal office in Indiana at Hillsdale Drive, Bloomington, Indiana, and is hereinafter sometimes referred to as Sarkes Tarzian and as WT-TV in Bloomington and Indianapolis and as WPTA in Roanoke-Fort Wayne.

The defendant, Alan S. Boyd, is the Secretary of the United States Department of Transportation; and the defendant, Stanford G. Ross, is the General Counsel of the United States Department of Transportation.

From 1918 until 1961, at which time authority under the various Standard Time Acts was in the Interstate Commerce Commission, the dividing line between Eastern and Central Standard Time was approximately the eastern boundary line of the State of Indiana. In 1961 after hearings, the Interstate Commerce Commission adjusted the boundary line between Eastern and Central Standard Time so that that line extended from the southern Michigan boundary southerly along the west line of Elkart, Kosciusko, Wabash, Grant and Madison Counties to the north line of Hamilton County; thence westerly along the north line of Hamilton and Boone Counties to the northwest corner of Boone County; thence southerly along the west line of Boone, Hendricks and Morgan Counties to the southwest corner of Morgan County; thence easterly along the south lines of Morgan, Johnson and Shelby Counties to the west line of Decatur County; thence southerly along the west line of Decatur County to the north line of Jennings County; thence westerly and southerly along the north and west line of Jennings County and the west line of Scott and Clark Counties to the north line of Floyd County; thence westerly along the north line of Floyd and Harrison Counties and southerly along the west line of Harrison

County to the Ohio River and the southern boundary of the state, as shown on the map attached hereto and made a part of this entry as Exhibit A.

Exhibit A

Thereafter in 1967, after the transfer of administration and enforcement of the Uniform Time Act of 1966 (15 U.S. C.A. Sections 260 et seq.) from the Interstate Commerce Commission to the Department of Transportation, upon the request of the Governor of Indiana to zone the entire State of Indiana for Central Standard Time the General Counsel initiated a review of the ruling fixing the line between the Eastern and Central Standard Time Zones and on August 3, 1967, stated that a final determination would be made on the line after October 30, 1967. Defendants thereupon issued public notice on August 9, 1967 for interested parties to comment upon the proposal. 32 Federal Register 153 Page 11478. Thereafter on January 16, 1968, the General Counsel announced that after hearing petitions and opinions concerning the line that was requested by the Governor of Indiana was not officially ruled upon but he had proposed a new dividing line and that that line be changed so as to include all of Indiana in the Eastern Time Zone with the exception of Lake, Porter, LaPorte, Starke, Jasper, Newton, Gibson, Pike, Dubois, Spencer, Warrick, Vanderburgh and Posey Counties, which counties would re-

**224**

main in the Central Standard Time Zone, as shown on the map attached hereto and made a part of this entry as Exhibit B.

Exhibit B

An additional period of time to February 26, 1968, was given for the presentation of opinions on the newly selected line, (33 Federal Register 14 Page 765) after which it was announced by the General Counsel that the rule would be formalized, so that nothing remains to be done before the General Counsel except ministerially finalizing the new rule. Upon issuance of his order by the General Counsel on January 16, 1968, the General Counsel has stated and ordered as follows:

"These proceedings will not concern adherence to or exemption from advanced (Daylight Savings) time during the summer months. The Uniform Time Act requires observance of advanced time within established time zones from the last Sunday in April to the last Sunday in October but permits an individual state to exempt itself by law from observing advanced time within the state."

No final order has been made by the defendants to this date.

From and after February 26, 1968, to this date no formal ruling has been made by the General Counsel either to adopt, modify or reject the proposed rule extending the division line between Eastern and Central Standard Time essentially to the western boundary of the State of Indiana.

That despite the General Counsel's failure to complete the rule making process and adopt, modify or reject the proposed rule changing the division line between the Eastern and Central Standard Time Zones essentially to the western boundary of Indiana, on April 28, 1968, it became mandatory under statute as hereinabove set out for those parts of the State of Indiana to transfer to the applicable Daylight Savings Time within the time zone or zones in effect throughout this state.

The United States Department of Transportation through the Secretary of Transportation does not intend to enforce the statutory requirement of Daylight Savings Time; that on the date known to the Secretary of Transportation but unknown to plaintiffs but in any event shortly before April 28, 1968, the Secretary of Transportation issued a letter in which the Secretary of Transportation through its General Counsel advised that it would defer consideration of Court enforcement action to enforce the provisions of the Uniform Time Act of 1966 as such provisions required compliance with Daylight Savings Time after April 28, 1968. A copy of said letter is attached to and made a part of this entry as Exhibit C.

OFFICE OF THE SECRETARY
OF TRANSPORTATION
WASHINGTON, D.C. 20590

Honorable Birch Bayh
United States Senate
Washington, D. C. 20510

Dear Senator Bayh:

This will confirm the several conferences we have had with you and members of your staff for the purpose of clarifying the Department's position on the Indiana time situation and identifying an ultimate solution.

Briefly stated, the present difficulties stem from a number of reasons:

1. As you are aware, there is pending before the Department an administrative proceeding to determine what time zone boundary alignment would best suit the needs of commerce and the people of Indiana. However, because of the inconclusive nature of the information thus far presented to the Department in the proceeding, the Department does not believe it is in a position to make a final administrative determination at this time.

2. The historical patterns of time observance in Indiana tentatively seem to indicate a preference for eastern standard ("slow") time *year round* in all parts of the state except in 12 counties in the

northwest and southwest corners of the state where central standard time is observed in the winter months and central daylight ("fast") time is observed in the summer. These 12 counties are: Lake, Porter, LaPorte, Starke, Jasper, Newton, Gibson, Pike, Spencer, Warrick, Vanderburgh, and Posey.

3. The Uniform Time Act makes the application of daylight ("fast" time *automatic* throughout each state from the last Sunday in April to the last Sunday in October, unless the state legislature exempts the state, in which case standard ("slow") time applies all year round in the *entire* state. The Department of Transportation has no authority to deal with the question of daylight versus standard time. The Indiana legislature has not exempted the state.

4. The Uniform Time Act does *not* authorize a state having more than one time zone within its boundaries to exempt one time zone area from daylight time while leaving daylight time applicable in the other time zones. However, this would become possible under S. 790, the bill you have introduced in the Congress.

The Department is most anxious to work with you and others concerned in accommodating to the extent possible within the law, the interests of commerce and the people of Indiana. The discussions we have held with you have been very helpful in emphasizing the desirability of a clear indication of the Department's policies and the areas where it can prove helpful in finding a durable solution. In response to your questions, we can, therefore, advise you as follows:

1. *Enforcement.* The Department does not have authority to exempt a state from the Uniform Time Act or alter what is technically the legal time under the Act. For that reason, the Department, in its recent announcement indicated that the technically "legal" time would have to be ascertained by reference to the Uniform Time Act as applied to the existing time zone boundary in the state. (That 1961 boundary runs to the west of the following counties: Elkhart, Kosciuski, Wabash, Grant, Madison, Hamilton, Boone, Hendricks, Morgan, Johnson, Shelby, Decatur, Jennings, Scott, Clark, Floyd and Harrison. All of these counties, and everything to the east of them, are in the eastern time zone.)

This clarification was made on the assumption that interstate carriers would follow the technical time pattern. However, it should be noted that the Uniform Time Act authorizes the Department to permit variance from technical time observance by interstate common carriers for reasons of practicability. The Department will consider as an appropriate grounds for variance a carrier's own *bona fide* determination that technical time observance will be disruptive to its operations during the pendency of the Department's administrative proceeding.

The Department's practice has been to defer consideration of court enforcement actions while (as is the case here) a properly instituted administrative time zone boundary proceeding is pending before the Department. That practice will be followed here.

2. *S. 790.* As we understand S. 790, it would permit the 12 counties in southwest and northwest Indiana to remain on central time with daylight time in the summer, while the rest of the state could observe eastern standard time year round. On the basis of information now before us and our discussions with you, it appears that S. 790 could be useful in a final resolution of the peculiar situation in Indiana. Accordingly, we have advised the Chairman of the Senate Commerce Committee of the Department's concurrence, should Congress enact the legislation.

3. *Final Resolution.* The Department is continuing to collect and analyze information in its administrative proceeding in order to be in a position to arrive at the most informed judgment. By the time the Indiana legislature next meets we should have taken final admin-

istrative action. This will enable the Indiana legislature to properly consider and vote upon the question of exempting the state from daylight time.

We hope that the above will serve to clarify the Department's position and indicate our concern for a prompt and sensible solution to this most troublesome problem.

Sincerely,

s————————

John E. Robson

## EXHIBIT C

The defendants have adopted the "no enforcement" as a policy in states when proceedings to change in that state's time zone is pending. Upon trial it was disclosed that the record in the Indiana time proceedings under the Administrative Procedure Act is complete but that the General Counsel has not completely evaluated all of the evidence. It was judicially admitted by the defendants in pre-trial conference that no recommendation to the Secretary of the United States Department of Transportation and no action by the Secretary to finalize the proceeding would be concluded until at least the end of the year 1968. This would be long after the expiration of the Daylight Savings Time (ending October 31, 1968) schedule for most of Indiana under the Uniform Time Act of 1966. While it is true the defendants formally notified the public that the Uniform Time Act of 1966 must be obeyed in the meantime, nevertheless, they emphatically answered all inquiries concerning enforcement that the defendants would not enforce the Uniform Time Act of 1966. With such pronouncements, the public in Indiana did as they pleased and great confusion exists in the general public. Indiana is so situated on the border of Eastern and Central Time Zones its citizens are influenced by the markets in the Eastern Zone and Western Zone. This is obvious from the zones established in the Uniform Time Act of 1966. Citizens who become state and national officials from a side of the state whose markets are dominated or influenced by the markets in states adjoining immediately seek to impress their time zone on the entire state. The defendants have responded to those entreaties and have compounded the confusion in Indiana. Under the Uniform Time Act of 1966, the Indiana General Assembly was authorized to remove Indiana from the Daylight Savings Time schedule from April 28, 1968 through October 31, 1968 but have taken no action. The defendants have done so by their inaction and public pronouncement that they would not enforce the law.

Plaintiffs each claim an interest in the failure of the General Counsel to complete the rule making process and in the failure and refusal of the Secretary of Transportation to enforce the statute and each are directly injured by such failures and refusals.

Each of the aforesaid plaintiffs is duly licensed by the Federal Communications Commission to transmit television signals over VHF channels assigned to each of them by the Federal Communications Commission and each is so engaged in the operation of television stations at the aforesaid respective addresses in Indianapolis, Indiana. Time Life transmits on Channel 6 in Indianapolis; Avco transmits on Channel 13 in Indianapolis; Indiana transmits on Channel 8 in Indianapolis and Channel 15 in Fort Wayne; Sarkes Tarzian transmits on Channel 4 in Indianapolis and Bloomington and Channel WPTA in Roanoke-Fort Wayne. In addition Time Life is licensed by the Federal Communications Commission to transmit AM–FM radio signals on duly assigned frequencies.

Each of the said plaintiffs transmits its television signals from high towers located in the Metropolitan Indianapolis area and Fort Wayne area or areas adjacent thereto. The area of reception of such signals is that within a radius of approximately 60 miles from Indianapolis, Indiana, and 50 miles from Fort Wayne, Indiana. Population of the area of primary reception of television signals of each of the plaintiffs is approximately

2,000,000 in the Indianapolis area and 900,000 in the Fort Wayne area.

Each of the plaintiffs is an affiliate of one of the three major television networks in the United States (who filed amicus curiae briefs), Time Life being an affiliate of National Broadcasting Company; Avco being an affiliate of American Broadcasting Company in Indianapolis; Indiana being an affiliate of Columbia Broadcasting System; and Sarkes Tarzian being an affiliate of American Broadcasting Company in Fort Wayne, Indiana. As affiliates of such major television networks aforesaid, such plaintiffs transmit over their television facilities practically all of the network programming available to them, such network programming so carried by each of the said plaintiffs accounting for in excess of 56% of the total of the air time of each of the respective stations operated by plaintiffs.

The point of origination of a vast majority of the network television programs made available to the plaintiffs by their respective television networks with which each is affiliated and carried by each respective plaintiff is New York, New York, particularly in the area of news programs, entertainment programs, documentary programs and the like. The bulk network programs so made available to and carried by each plaintiff but which do not originate in New York are in the field of sporting and other public interest events which originate from the point of their occurrence, such sporting and other public interest events which do not originate from New York account for a not insubstantial part of the total network carriage of each of the respective plaintiffs.

Under the provisions of the Uniform Time Act of 1966 (15 U.S.C.A. Sections 260 et seq.), New York is in the Eastern Time Zone of the United States and observes Eastern Standard Time each year from November through April of the following year and Eastern Daylight Savings Time from May to October each year; and to the best knowledge of the plaintiffs will continue so to do.

In view of the foregoing, unless the Uniform Time Act of 1966 is enforced by the defendant, Secretary of Transportation, according to its terms, network television programs originating in New York or elsewhere in the Eastern Time Zone of the United States and carried by each of the respective plaintiffs will originate one hour earlier (in terms of local time in Indiana) during the months of May through October of each year than has been the fact in the past (that the one hour difference exists throughout the entire state is accounted for by the fact that the western half of the state which supposedly is in the Central Standard Time Zone has failed to comply with the designation and for all intents and purposes remains substantially on Eastern Standard Time). This means, for example, that a network news program originating in the Eastern Time Zone at 6:30 p. m. (from New York) and formerly seen in Indianapolis and Fort Wayne at 6:30 will be seen at 5:30 p. m. under local Indiana time after April 28th. In view of the heavy impact of network programming upon total programming of each of the plaintiffs, the obvious difficulties to the plaintiffs in rearranging or rescheduling their daily programming in order to present network programs of interest to the public at times at which the public is accustomed to view them and which the public finds acceptable are many and varied and the expense thereof to the telecaster will be substantial and to a large measure is impossible to calculate and unrecoverable unless the law is obeyed. Much of the public will miss the evening TV news programs which commence at 6:00 p. m. since without the switch to Daylight Savings Time it will appear at 5:00. So also, sports events will be telecast locally at hours other than prime hours resulting in lost revenue as will all "live" specials from New York.

Another area in which the refusal by the Secretary of Transportation to en-

force the provisions of the Uniform Time Act of 1966, particularly in connection with the enforcement of Daylight Savings Time, will impose undue difficulty, hardship and damage upon the plaintiffs and the public is this: television advertising is sold upon the basis of rates determined by each television station, which rates are vitally influenced and regulated by, among others, the consideration of time of day in which the advertising appears and the identity of the programs, and the case of so-called "spot" advertising announcement, which precede or follow it. In reliance upon the provisions of the Uniform Time Act of 1966 plaintiffs have arranged schedules and entered into substantial advertising commitments and contracts based upon the contemplated enforcement of the Act in Indiana commencing in April, 1968, and the failure and refusal to obey and enforce said Act will result in substantial interference with such existing commitments and contractual obligations since schedules call for prime time which will no longer be prime time.

The failure and refusal of the General Counsel to complete the rule making process and to determine whether the line between the Eastern and Central Standard Time Zones shall be moved substantially to the western line of the State of Indiana compounds substantially the damages to plaintiffs by creating confusion and uncertainty in knowing whether unaffected Eastern Standard Time will be observed throughout the state or whether the official line dividing the state will be adhered to so that under the terms of the Uniform Time Act of 1966 the time difference from local time in the western half of the state will be two hours earlier than New York time so that on this legal time a program originating in New York during Daylight Savings Time will originate two hours earlier than the legal time in the western half of the state, thereby substantially inconveniencing viewers and making ununiform the time of viewing throughout the state and advertisers will further be denied their right to legal "prime time" in the western half of the state.

The Court has jurisdiction of the parties and of the subject matter of the action as authorized by 28 U.S.C.A. Section 1361.

The plaintiffs have maintained their burden of proof of the essential elements and alleged facts of each element of the complaint by a preponderance of the evidence, except as hereinafter recited.

■ The defendants have illegally adopted a general policy and procedure of not enforcing the Uniform Time Act of 1966 in the State of Indiana contrary to the Congressional mandate.

The defendants have illegally adopted a general policy and procedure of communicating their illegal policy of not enforcing the Uniform Time Act of 1966 in the State of Indiana to the citizens of Indiana and, thus, encouraging the citizens of Indiana to disobey the Uniform Time Act of 1966 during the period April 28, 1968 through October 31, 1968.

The pendency of the administrative proceeding commenced in August of 1967 which admittedly will not be concluded until after October 31, 1968 is no justification for the defendants' conduct of encouraging the citizens of Indiana to disobey the Uniform Time Act of 1966 during the period of April 28, 1968 through October 31, 1968 and the defendants' conduct in not enforcing such law.

■ The plaintiffs have failed to prove the essential elements and alleged facts of their claim to require the defendants to complete and finalize the rule making process and specifically to adopt, reject or modify the proposed rule. The defendants are charged with the duty and power to consider and change the time zone in the State of Indiana as established by the Uniform Time Act of 1966. A lawful administrative proceeding has been instituted by the defendants. The elapse of the time since the commencement of such proceeding is not unreasonable under the facts before the Court. The proceedings were commenced

and conducted upon the request of the Governor of Indiana for establishment of Central Standard Time for the whole of Indiana. Such was reviewed by the end of the year 1967 but such was diverted (but not abandoned) to the consideration of a new plan of zoning Indiana. The defendants also had under consideration proceedings involving other states which prevented their giving exclusive attention to the Indiana proceeding before the newly established United States Department of Transportation. This Court does not possess the jurisdiction under the facts of the case to interfere with the orderly processing of the Indiana time proceeding now pending befor the United States Department of Transportation.

The defendants' general policy of not enforcing the Uniform Time Act of 1966 is arbitrary and capricious. It promotes confusion among the citizens of Indiana. It caused irreparable harm and damage to the plaintiffs and to the citizens of Indiana and will continue to do so unless the defendants enforce the Uniform Time Act of 1966 in the State of Indiana and particularly the Daylight Savings Time provisions of the law until October 31, 1968. The plaintiffs are also faced with the future nation-wide seasonal programming of television industry in September 1968 and the entering into contracts with their advertisers for such programs. The television viewing citizens of Indiana, including the plaintiffs' advertisers, as well as the plaintiffs are entitled to immediate relief. The defendants' general policy is unreasonable when applied to the facts known to the defendants that the Uniform Time Act of 1966 would not be changed by defendants until late 1968 and after the expiration of the Daylight Savings Time provisions of the law for the State of Indiana from April 28, 1968 through October 31, 1968. If the defendants contemplated a change in Indiana's time law during the period of April 28, 1968 through October 31, 1968, such general policy of no enforcement would have a just and reasonable

base, would promote order and would not confuse the citizens of Indiana.

The Uniform Time Act of 1966 is the law of the land and cannot be ignored. No agency of government should directly or indirectly undermine its status as a law and its binding effect on the citizens of Indiana. It is obvious from the legislative history of the Uniform Time Act of 1966 that Congress did not contemplate that the Department of Transportation would condone and in fact support the violation of the Act as was done by defendants in this case.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants be and they are enjoined from further executing the general policy of not enforcing the Daylight Savings Time provisions of the Uniform Time Act of 1966 in the State of Indiana during the year 1968.

IT IS ALSO ORDERED AND ADJUDGED that the defendants forthwith rescind and publish to the citizens of Indiana the fact that the general policy of not enforcing the Daylight Savings Time provisions of the Uniform Time Act of 1966 in Indiana has been judicially held illegal and has been rescinded by the defendants.

IT IS FURTHER ORDERED AND ADJUDGED that the defendants within ten (10) days file a proposed plan of action for the immediate enforcement of the Daylight Savings Time provisions of the Uniform Time Act of 1966 in the State of Indiana in accordance with its statutory duty, or to show cause why the defendants cannot fulfill their duty under the provisions of the Uniform Time Act of 1966. 15 U.S.C.A. Section 260a(c).

AND, IT IS ADJUDGED that the plaintiffs within ten (10) days observe the Daylight Savings Time provisions of the Uniform Time Act of 1966, or to show cause why the plaintiffs cannot obey such law.

### SUPPLEMENTAL ENTRY

This cause came on before the Court on July 26, 1968, on the Motion of the

defendant herein filed this date for a stay of execution of the Court's Order herein of July 17, 1968, or for an extension of time within which to comply therewith. And the Court having considered said Motion and having heard the evidence presented in open court with respect thereto by the defendants and the plaintiffs and the statements of counsel for the parties, NOW FINDS:

1. The filing of a Notice of Appeal herein by the defendants on July 25, 1968, terminates the jurisdiction of this Court as to the merits of the case but this Court retains jurisdiction for purposes of enforcement or stay of enforcement of the aforesaid Order herein of July 17, 1968. Rule 62, F.R.Civ.P.

2. The defendants have admitted by their Answer previously filed herein and through the testimony of their witness that the Uniform Time Act of 1966 is lawfully applicable to the State of Indiana and that Daylight Time is the lawful time between the last Sunday in April and the last Sunday in October of each year in the respective time zones into which the State of Indiana is divided.

3. The plaintiffs heretofore on July 19, 1968, filed their report of compliance with the aforesaid Order of the Court of July 17, 1968, and have further advised the Court of their implementation thereof to become effective as of 2 A.M., on Sunday, July 28, 1968.

4. The defendants have continued to execute the general policy of not enforcing the Daylight Savings Time provisions of the Uniform Time Act of 1966 in the State of Indiana during the year 1968, in violation of the Order of the Court herein of July 17, 1968.

5. The defendants have failed to rescind and publish to the citizens of Indiana the fact that the general policy of not enforcing the Daylight Savings Time provisions of the Uniform Time Act of 1966 in Indiana has been judicially held illegal, which failure to rescind and so publish is in violation of the Order of the Court herein of July 17, 1968.

6. The defendants have failed to file a proposed plan of action for the immediate enforcement of the Daylight Savings Time provisions of the Uniform Time Act of 1966 in the State of Indiana in accordance with their statutory duty and have advised the Court that they do not intend to file such a plan within the time fixed by the Court in its Order of July 17, 1968. Further, the defendants have failed to show cause why they cannot immediately enforce the provisions of the Uniform Time Act of 1966 in Indiana in accordance with their statutory duty.

7. The relief sought by the aforesaid Motion of the defendants should be denied.

IT IS, THEREFORE, ORDERED, DETERMINED, ADJUDGED AND DECREED THAT:

(1) The Motion of the defendants for stay of execution of the Order of the Court herein of July 17, 1968, or for an extension of time in which to comply therewith, be, and the same hereby is, denied.

(2) As determined by the Court in its Order herein of July 17, 1968, the Uniform Time Act of 1966 is lawfully applicable to the State of Indiana and Daylight Time is the lawful time between the last Sunday in April and the last Sunday in October of each year in the respective time zones into which the State of Indiana is divided. Accordingly, the lawful time in that part of Indiana within the Central Time Zone is at present Central Daylight Time and the lawful time in that part of Indiana within the Eastern Time Zone is at present Eastern Daylight Time.

(3) The Clerk of this Court shall forthwith make available to all news media and to others who may inquire a copy of this Order to facilitate the public's compliance with lawful time as of 2 A.M., Sunday, July 28, 1968.